IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNY SOUTHARD, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-3070 |
| BRIAN CAREY, | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff, proceeding pro se, claims that Defendant Carey verbally harassed and used excessive force on Plaintiff on February 24, 2017 while Plaintiff was detained in the Sangamon County Jail. In particular, Plaintiff alleges that:

> [O]n February 24, 2017, he went to the control room to ask Mrs. Thompson for a grievance form in order to complain about H pod not having access to the commissary the day before, while all the other pods were allowed to go. Plaintiff believes that the H pod is discriminated against because the H pod houses "LGBT" detainees and detainees charged with sex offenses.
>
> Instead of giving Plaintiff a grievance form, Mrs. Thompson went to get Sergeant [Defendant] Carey. Sergeant Carey then approached Plaintiff, hurled a barrage of offensive comments at Plaintiff, and then took Plaintiff out of camera range and assaulted Plaintiff, causing Plaintiff injuries, including broken teeth.

In addition to the offensive comments, Sergeant Carey allegedly told Plaintiff that Plaintiff got what he deserved for filing lawsuits. (Merit Review Opinion, d/e 7.)

Defendant Carey moves for summary judgment, offering evidence that nothing of the sort occurred. According to the affidavits submitted by Defendants, Plaintiff became so irate and disruptive about the lack of commissary that Plaintiff was escorted off his cell block to be taken to segregation. On the way, Plaintiff threatened to kill himself so was instead escorted to an observation cell. The escort, according to Defendants, was unremarkable. Defendants offer video recordings to support that assertion, and an investigation found that Plaintiff's allegations were unfounded. (3/7/17 Memo, d/e 48-8, p. 26.) The medical records say nothing about a broken tooth, and an x-ray of Plaintiff's back showed no acute injury.

However, Plaintiff contends that Defendant Carey took Plaintiff to a place without video cameras—"L Block Slider Seg" on the third floor. This is where Defendant Carey allegedly "stomped on my right foot twisting my wrists using handcuffs as a weapon[,] tearing my shoulders out of socket[,] banging my face off of wall[,] breaking my tooth[.] My back is injured bad.

My tooth needs fixed." (Pl.'s voluntary statement to jail investigators, d/e 51-1 p.1.) Defendants do not address whether the area described by Plaintiff is out of camera range.

The parties offer starkly different versions of what happened, and resolving those contradictions requires deciding whom to believe. The video, while helpful, does not negate the possibility that Plaintiff is telling the truth when he says the assault happened off camera. Similarly, the medical records do not necessarily negate Plaintiff's claim that he did suffer pain and injury or that the force was more than de minimis. At this stage the Court is not permitted to weigh evidence or decide who is more credible. Accordingly, summary judgment is denied. Qualified immunity is also denied because Defendant Carey's argument depends on accepting his version of events, which the Court cannot do at this stage.

**IT IS ORDERED:**

    1.   Defendant's motion for summary judgment is denied (d/e 48).

2. This case is referred to Magistrate Judge Schanzle-Haskins for a settlement conference. If no settlement is reached, final pretrial and trial dates will be set.

3. The clerk is directed to notify Magistrate Judge Schanzle-Haskins of the referral for a settlement conference.

ENTER: December 6, 2018

FOR THE COURT:            **s/Sue E. Myerscough**
                          SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE